FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 21, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIFER T., | No. 4:25-CV-05149-SAB |
|       Plaintiff, | |
|       v. | **ORDER REVERSING THE** |
| COMMISSIONER OF SOCIAL | **DECISION OF COMMISSIONER** |
| SECURITY ADMINISTRATION, | |
|       Defendant. | |

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision, denying her application for social security benefits. Plaintiff is represented by Chad Hatfield. The Commissioner is represented by David Burdett and Joseph Derrig. Pending before the Court is Plaintiff's Motion for Summary Judgment, ECF No. 16, and the Commissioner's Brief, ECF No. 18.

After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court reverses the Commissioner's decision and remands for an immediate award of benefits.

**I.    Jurisdiction**

On July 2, 2022, Plaintiff filed an application for disability insurance benefits as well as an application for supplemental security income, alleging

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 1**

disability beginning February 1, 2020. Plaintiff's application was denied initially and on reconsideration. Plaintiff requested a hearing and on September 26, 2024, a telephonic hearing was held. Plaintiff participated and was represented by Autumn Nenard and Alison Bosch. K. Diane Kramer, vocational expert also participated. The ALJ issued an opinion on October 11, 2024found that Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council, and it denied the request on August 25, 2025. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on October 29, 2025. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 2

done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 3**

not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole,

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 4

weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV.  Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

At the time of the hearing, Plaintiff was fifty-three. She testified that problems with her hips, back and hands prevent her from working full-time. She testified that her fibromyalgia causes pain that makes her extremely tired, which causes her to be depressed and anxious. She testified that she has difficulty walking on her back days. She testified she has to shift her positions about every 15 minutes because her back would seize up. She suffers from spasms and walks with a cane. She uses a grabber to reach for things, but she loses her grip and things go flying. She can walk between 1 to 3 blocks before her legs lock up. If she tries to walk more, she cannot move for two days after. She tried physical therapy, but it was not successful.

She testified she experienced severe reactions to the medications that would have treated her fibromyalgia. Prior to her disability period, she was a manager at a charity store. Now, she uses a delivery service for her groceries. She had to sell her house, and she is currently living in an RV. She tried to attend online college, but it was difficult.

## V.  The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 30-44.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 1, 2020, the alleged amended onset date. AR 32.

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 5

At step two, the ALJ identified the following severe impairments: fibromyalgia, bilateral carpal tunnel syndrome, and degenerative disc disease/sacroiliac joint sclerosis. AR 33.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 36. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can occasionally balance, stoop, kneel, crouch, and climb ramps or stairs; she can never crawl or climb ladders, ropes, or scaffolds; and she should avoid concentrated exposure to extreme cold and hazards.

AR 37.

At step four, the ALJ found Plaintiff did not have past relevant work. AR 43.

The ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could also perform, including Touch-up Screener, Printed Circuit Board, Document Addresser, and Document Preparer. AR 43. Consequently, the ALJ found that Plaintiff was not disabled from February 1, 2020, through October 11, 2024. AR 44.

## VI. Issues

1. Whether the ALJ properly evaluated the medical opinion evidence?
2. Whether the ALJ properly conducted an adequate Step three analysis?
3. Whether the ALJ properly evaluate Plaintiff's subjective complaints?
4. Whether the ALJ met its burden at step five?

## VII. Discussion

### 1. Medical Opinion Evidence

In evaluating medical opinion evidence, the ALJ must consider the persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a) and (b). The ALJ is required to

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 6

consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. Id.

Supportability and consistency are further explained in the regulations:
(1) Supportability.
The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency.
The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.*

### a. ARNP Guy Einig

ARNP Einig began treating Plaintiff in 2023. In May 2024, he completed a medical source statement opining the following: (1) Plaintiff suffers from fibromyalgia, with lifelong pain; (2) her symptoms included generalized severe pain with movement, extreme fatigue, generalized moderate to severe pain throughout the body, and pain with walking or lifting; (3) she can walk just 1 block without resting or suffering severe pain; (4) she can sit for about 2 hours in an 8-hour workday; (5) she can stand/walk for about 4 hours in  an 8-hour workday; (6)

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 7

she requires a job that permits shifting positions at will from sitting, standing, or walking; (7) she would need breaks due to weakness and chronic fatigue; (8) she must use a cane due to imbalance, pain, and weakness; (9) she must lie down or rest at unpredictable intervals 2-3 times per day for 10 minutes at a time due to weakness and fatigue; (1) she has significant limitations in reaching, handling, and/or fingering; (11) her impairments were likely to produce "good days" and "bad days" and (12) she would be absent more than four days per month.

The ALJ found ARNP Einig's not persuasive because he had only saw her four times, there was no indication that he reviewed her medical records dating back to 2020, he provided limited explanation, and his statement regarding missing work was purely speculative.

The ALJ's evaluation of ARNP Einig's opinion is not supported by substantial evidence in the record. The ALJ seemingly ignored Plaintiff's diagnosis of fibromyalgia, and the fact that patients who have been diagnosed with fibromyalgia often present with normal strength, reflexes, sensation, despite pain and fatigue with flares of bad days with severe pain and fatigue. Contrary to the ALJ's conclusions, ARNP Einig provided sufficient explanation for his opinions, which were consistent and supported by the record. The ALJ erred by dismissing the opinion based on the duration and frequency of the treatment relationship, rather than evaluating whether the opinion was supported or consistent with the longitudinal record. Notably, ARNP's EINIG's opinion is consistent with Plaintiff's symptom reports, which, as set forth below, are credible and supported by substantial evidence.

**b. Dr. Myrna Palasi**

Dr. Myrna Palasi issued an opinion that found the severity of Plaintiff's fibromyalgia renders her unable to sustain a 40-hour workweek, with a less than sedentary RFC.

The ALJ found the opinion to not be persuasive because it relied on a review

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 8**

of ARNP Einig's questionnaires. The ALJ also rejected the opinion because Dr. Palasi opined on an issue reserved for the Commissioner.

The ALJ's evaluation of Dr. Palasi's opinion is neither supported nor consistent with the record. First, while the ALJ does make the ultimate disability determination, functional statements about the ability to sustain full-time work is still probative medical evidence that should be considered. The assessment of less than sedentary RFC is a work-related limitation consistent with ARNP's Einig's evaluation, which, as set forth above, was supported by the record.

Moreover, Dr Palasi's opinion relied on the fibromyalgia diagnosis that had been well-documented from 2020 on, including documented pain, fatigue and poor sleep.

## 2. Plaintiff's symptom testimony

Plaintiff argues the ALJ erred in discounting her subjective symptoms. In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id*. (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ found Plaintiff's medically determinable impairments could

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 9

reasonably have caused her alleged symptoms, but her statements concerning the intensity, persistence, and limiting effects of the symptoms are not entirely consistent with the medical evidence and other evidence in the record.

The ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's symptom testimony. As such, the ALJ's finding that Plaintiff is not credible is not supported by substantial evidence in the record.

The record has consistently shown since 2020 that Plaintiff meets the criteria for her diagnosis of fibromyalgia. Additionally, the record indicates Plaintiff suffers from pain associated with her bilateral carpal tunnel syndrome, degenerative discs of the lumbar, thoracic, and cervical spine, and bilateral sacroiliac joint sclerosis.

**3. Remand**

The Court declines to address Plaintiff's other arguments because if Plaintiff's symptom testimony and the testimony of ARNP Einig and Dr. Palasi's were properly evaluated, it is clear that Plaintiff cannot sustain full-time work. Because there is no need to develop the record or convene further administrative proceedings, a remand for the immediate award of benefits is appropriate. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

Accordingly, **IT IS HEREBY ORDERED:**

1. For court management purposes, Plaintiff's Motion for Summary Judgment, ECF No. 16, is **GRANTED**.

2. For court management purposes, the Commissioner's Brief, ECF No. 18, is **DENIED**.

3. The decision of the Commissioner is reversed and remanded for an immediate award of benefits.

//

//

//

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 10

4.    Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 21st day of July 2026.

_____
Stan Bastian
Chief United States District Judge

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 11